THE LEAGUE OF PROPERTY OWNERS OF SAN JUAN *v.* THE MUNICIPALITY OF SAN JUAN.

APPEAL from the District Court of San Juan.

No. 124.—Decided June 3, 1907.

MUNICIPAL CORPORATION—LEGISLATIVE POWERS.—A municipal ordinance regulating the collection of garbage and refuse and the manner in which the

same must be exposed by the residents of the city, and providing that the receptacles therefor must be furnished by the owner of the property, without making any difference between them, is a valid exercise of municipal powers tending to protect the health of the community.

APPEAL—NOTICE OF APPEAL.—Where the notice of appeal is not included in the transcript of the record, the appeal must be dismissed.

The facts are stated in the opinion.

*Mr. Sarmiento* for appellant.

*Mr. Falcón* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal in which the validity of a municipal ordinance of the city of San Juan is to be determined. The complaint filed alleges the facts in the following language:

"1. That on this date a complaint has been filed against the municipality of San Juan seeking a judgment holding that the provisions of the ordinance passed by the municipality of San Juan on November 10, 1906, regulating the service of garbage and refuse collection and the manner in which they are to be set out by the residents of the city, are null and void in so far as section 5 thereof provides that the receptacles in which the residents of the houses of San Juan are to place such refuse shall be furnished by the owners of the real property, and in so far as section 6 grants the owners of the houses a term within which to provide the receptacles referred to in the preceding section.

"2. This ordinance will go into effect on the 11th instant, and it imposes upon persons violating the provisions thereof as a penalty a fine not exceeding $10 or imprisonment not exceeding 30 days, or both, in the discretion of the Justice of the Peace.

"3. That as the house owners of San Juan are not, as such, the producers of the refuse and garbage to be collected, nor are they in charge of the collection thereof, and as the determination of the persons who are to furnish the receptacles in which the residents are to place the refuse is not a matter of sanitation, the said ordinance, in the particulars objected to in the complaint, violates and notoriously and unjustly prejudices the rights of the plaintiff league in imposing on the members thereof the obligation of furnishing the receptacles for the refuse; and therefore they demand that an injunction issue directing the municipality of San Juan, in the person of

the *alcalde* as its legal representative, to refrain from enforcing the performance of such obligation during the pendency of the main action.

"4. That this application for an injunction lies because it is included in the provisions of subdivisions 1, 2, 4 and 6 of section 3, and in section 12 of the Act of March, 1906, defining judgments.

"Therefore, it prays the court that, after the bond has been furnished which it may deem proper, it order the issuance of a writ to the marshal of the district court to have the municipality of San Juan, in the person of the *alcalde* thereof, its legal representative, refrain for the present from compelling the house owners in this capital to comply with the ordinance regulating the refuse and garbage service and the manner in which they are to be exposed by the residents of the city, in so far as the same requires real estate owners to furnish the tenants the receptacles in which the refuse is to be placed."

During the oral argument the appellant admitted that the ordinance comes within legislative powers in general, but it alleged that a municipal corporation has not the power to enact such an ordinance. Nevertheless, as the contrary has not been shown, we are of the opinion that the ordinance, which has the same effect on all real-estate owners and makes no distinction among them, constitutes a valid exercise of municipal powers tending to protect the health of the community.

We have discussed the case under this aspect because it was argued and considered before the court's attention had been called to a capital defect, namely, the appellant's failure to present, together with the record, a notice of the appeal, as required by sections 299 and 303 of the Code of Civil Procedure. We have had occasion to pass upon this point in the cases of *Fernández* v. *Estate of Irizarry et al.*, and in *Ex Parte Hecht*, decided by this court on January 26, and June 29, 1906, respectively, in which the doctrine was established that the presentation of such notice of appeal is an indispensable requisite to enable this court to acquire jurisdiction.

In view of the foregoing considerations we are of the opin-

ion that the appeal taken in this case should be dismissed, with the costs against the plaintiff and appellant.

*Dismissed.*

Chief Justice Quiñones and Justice Figueras concurred.

Justices Hernández and MacLeary did not take part in the decision of this case.